IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DENNIS AND MELISSA EGGERLING, both Individually and as parents and guardians for A.E., their daughter and a minor., <br><br> Plaintiffs, <br><br> vs. <br><br> ADVANCED BIONICS, LLC, <br><br> Defendant. | Civil Action No. 5:11-cv-4104 |

## ADVANCED BIONICS' RESPONSE IN OPPOSITION TO MOTION TO DE-DESIGNATE DOCUMENTS

Plaintiffs seek to challenge the confidential designation of several Advanced Bionics documents that were properly designed by Defendant as "confidential" under the terms of the Protective Order. The basis of Plaintiffs' challenge is that because these documents do not contain "trades secrets" such as the "secret recipe to Kentucky Fried Chicken" or the "secret formula to Coca Cola," they cannot be maintained as confidential. (*See* Pls.' Mem. at 6.) Under Plaintiffs' reasoning, anything less is entitled to no protection and should be available to be posted on counsel's marketing website.[1] This argument misstates the scope of the Protective Order and Federal Rule of Procedure 26(c)(1)(G), which both protect "<u>proprietary</u>, trade secret

---

[1] *See* Opinion and Order, *Littlebear v. Advanced Bionics*, LLC, No. 11-CV-418 (N.D. Okla. July 20, 2012) (attached hereto as Ex. 1) (noting the court's concern that counsel hoped to include Advanced Bionics' documents on his firm's marketing website, and overruling the plaintiff's objections to the discovery protective order proposed in that case).

or <u>otherwise confidential information</u>." (Dkt. # 18 at ¶ 1 (emphasis added).) The Court should apply the correct standard and deny Plaintiffs' motion.

## **FACTS**

This is a product liability action that is part of pattern litigation in various courts around the country. The litigation has been on-going since 2008. Counsel for Plaintiffs has more than a dozen other claims pending against Defendant in other courts.

On June 18, 2012, Plaintiffs sent a "written objection" under Paragraph 20 of the Protective Order challenging the confidentiality of 52 documents. (*See* Letter from T. Edwards to C. May, June 18, 2012 (Ex. 2).) Advanced Bionics responded on July 8, 2012, agreeing to withdraw completely the confidentiality designation for 12 of the documents, and to redact certain technical information and produce a non-confidential version of another 6 documents. (*See* Letter from C. May to T. Edwards, July 8, 2012 (Ex. 3).) Through additional conferral, Advanced Bionics agreed to withdraw confidentiality, either partially or completely, for another three documents. (*See* Letter from C. May to T. Edwards, Aug. 6, 2012 (Ex. 4).)

After this conferral in the summer of 2012, Plaintiffs did not raise any further objections. On February 1, 2013, Plaintiffs filed the pending motion.[2] Four of the six documents included in Plaintiffs' motion were addressed during last summer's previous conferral, but two of the documents, Exhibits E and F, were not. (*See* Exs. 2-4.) As such, those two documents are not properly before the Court because Plaintiffs have not followed the requirements of the Protective

---

[2] Plaintiffs' motion begins by requesting the de-designation of "six documents" (Pls' Mot. ¶ 1) and concludes by asking the Court to de-designate "seven documents" (*id*. at ¶ 4). Plaintiffs' memorandum of law, on the other hand, requests the de-designation of "five documents." (Pls' Mem. at 1.) Plaintiffs argue the confidentiality of six documents, and attach the same six as exhibits to their motion.

Order, which require a "written objection" to the confidentiality designation and 20 days to respond, plus conferral in an attempt to resolve any dispute, all before any motion may be filed. (*See* Dkt. #18, Protective Order at ¶ 20.) Advanced Bionics will consider the present motion as Plaintiffs' "written objection" under Paragraph 20 of the Protective Order, and will provide its written response within the 20 day deadline required by the Protective Order.

This is not the first time that counsel for Plaintiffs has challenged the confidentiality of some of Defendant's documents. In *Johnson v. Advanced Bionics, LLC*, No. 2:08-cv-02376 (W.D. Tenn.), counsel for Plaintiffs pursued the same tactic. The Court there upheld the confidentiality of almost all of the documents challenged. In fact, two of the four documents challenged here were also challenged in *Johnson/Purchase*, and the court there upheld the confidentiality of each "in its entirety." *See Johnson v. Advanced Bionics, LLC*, No. 2:08-cv-02376, Order Denying in Part and Granting in Part Plaintiffs' Motion Challenging Confidentiality of Certain Documents, (W.D. Tenn. Aug. 2, 2010) at ¶¶ 9 and 11 ("*Johnson/Purchase Order*") (attached as Ex. 5).[3]

Finally, this is not the first time that Plaintiffs' counsel has sought to re-litigate issues concerning the scope of confidentiality in these similar cases. Despite the fact that the same collection of more than 600,000 pages of documents has been produced in multiple federal cases governed by the same protective orders over a period of 4 years, Plaintiffs' counsel in 2012

---

[3] The court in *Johnson/Purchase* upheld in whole or in part the confidentiality of 23 out of the 24 documents challenged. (*See* Ex. 5.) Virtually all of the documents produced by Defendant in this case were first produced in 2008 and 2009 in *Johnson/Purchase*. Plaintiffs' lead counsel here was also counsel to the plaintiffs in *Johnson/Purchase*.

decided to oppose entry of standard protective orders in newer cases.[4] At least one court has remarked on the forum-shopping nature of these challenges. *See Hurdt v. Advanced Bionics, LLC*, No. 3:11-CV-02309, Transcript of Proceedings (N.D. Tex. June 14, 2012) at 15:23-35 (rejecting plaintiff's counsel's "try a different judge, get a different result" approach to protective orders) (attached hereto as (Ex. 6)).

## ARGUMENT

The documents at issue fall within the protections of Federal Rule of Civil Procedure 26(c)(1)(G) and the Protective Order in this case. There is no basis to remove their confidential designation at this time.

## I. LEGAL STANDARD FOR PROTECTION

Federal Rule of Civil Procedure 26(c)(1)(G) permits courts to enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." This undoubtedly permits protection of information beyond that of true trade secrets. *See, e.g.,* 8A Fed. Prac. & Proc. Civ. (2d ed.) § 2043 ("On its face, the rule goes beyond trade secrets to provide protection for 'confidential research, development, or commercial information.' While not unlimited, this is surely an open-ended series of terms that need not be limited to 'true' trade secrets." (footnotes omitted)).

---

[4] The motivation for Plaintiffs' counsel's refusal to agree to Advanced Bionics' proposed protective orders was revealed when he offered "to give you the Order you desire for upfront payment of 25k per case." (Email from T. Edwards to K. Rosenthal, March 12, 2012 (Ex. 7).) Advanced Bionics, of course, refused this "offer."

The Protective Order in this case recognizes that "[c]ertain documents, testimony, and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law." (Dkt. # 18, at 1.) The Protective Order states that "[t]o preserve the confidentiality of selected documents and information pursuant to Federal Rule of Civil Procedure 26(c)" parties may designate certain information confidential if it "contains <u>proprietary</u>, trade secret or <u>otherwise confidential information</u>." *Id.* at 1 and 2 (emphasis added). Notably, just like Rule 26(c)(1)(G), the Protective Order is not limited to protection of just trade secrets. Defendant has previously provided the Declaration of Cedric Navarro describing how Advanced Bionics treats documents as confidential and how disclosure of proprietary and confidential information could be harmful to the company when disclosed to its competitors. (*See* Ex. C to Def.'s Mem. of Points and Authorities in Supp. of Mot. for Protective Order (Dkt. 12) (copy attached hereto as Ex. 8).)

Plaintiffs request this Court to read out the "other confidential research, development, or commercial information" provisions of both Rule 26(c)(1)(G) and the Protective Order. Such a reading is inappropriate. Nowhere does Iowa or federal law limit the protection of confidential business information only to trade secrets. That is simply not the law. *See, e.g., Accurate Controls, Inc. v. Cerro Gordo Cnty.*, No. C08-3021, 2009 WL 427374, at *4 (N.D. Iowa Feb. 23, 2009) (entering protective order to prevent disclosure of confidential business documents); *Mathison v. Orioxi Int'l Corp.*, No. C07-0129, 2008 WL 2219948, at *1-2 (N.D. Iowa May 28, 2008) (entering protective order to limit disclosure of documents reflecting sales margins).

Finally, Plaintiffs seemingly ignore the proprietary and confidential business nature of the documents and instead assume that Defendant seeks to protect the documents solely to protect its

reputation. Plaintiffs assumption is incorrect, as will be explained below. However, the confidential nature of the documents can be mixed together with interests by a party in protecting its reputation or privacy, particularly as against competitors. The Court's statement in its order approving the Protective Order notwithstanding, the Supreme Court has made clear in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984), that interests of reputation and privacy are legitimate ones to take into account in determining whether documents should be protected. Moreover, the issue at this stage is not whether documents at trial should be open to the public but instead whether documents produced only in discovery can have their protections eliminated. It is well-established that the public has no interest in the raw fruits of discovery in litigation. *See Bond v. Utreras*, 585 F.3d 1061, 1074-76 (7th Cir. 2009) (discussing distinction between access to court records and pre-trial discovery). Presented with a similar argument from Plaintiffs' counsel, the U.S. District Court for the Northern District of Oklahoma in *Littlebear v. Advanced Bionics* recognized that "it may be appropriate to protect a party's reputation and privacy from potential abuses of discovery." *Littlebear*, Opinion and Order at 4 (*citing Seattle Times*) (Ex. 1). Regardless, the Court does not even need to reach this issue to resolve the pending motion in favor of Defendant.

**II.     THE FOUR DOCUMENTS AT ISSUE FALL WITHIN THE SCOPE OF CONFIDENTIALITY AND ARE ENTITLED TO CONTINUED PROTECTION[5]**

Advanced Bionics has designated the documents at issue as confidential because they meet the definition of confidential, because Advanced Bionics treats those documents as such,

---

[5] As noted above, Plaintiffs failed to comply with the requirement of Paragraph 20 of the Protective Order with respect to AB_E_Navarro_0055118 (Pls' Ex. E) and AB_E_Morley_0000340 (Pls' Ex. F). Advanced Bionics is investigating these confidentiality claims and will respond in due course.

6
Case 5:11-cv-04104-MWB   Document 35   Filed 02/19/13   Page 6 of 11

and because their disclosure could cause irreparable harm to Advanced Bionics. Plaintiffs seem to argue that where they allege they have discovered supposedly harmful admissions by Advanced Bionics, the documents should not be treated as confidential. This is not the test of confidentiality, and a brief review of the documents by the Court is all that is needed to show that the documents being challenged are typical of those protected as confidential in discovery.

Finally, before addressing each document Plaintiffs challenge, it is important to emphasize that Defendant has already produced the documents at issue to Plaintiffs and nothing impedes Plaintiffs from using those documents in this litigation. Defendant simply seeks to enforce its rights under the Protective Order to keep its proprietary and confidential documents from being disclosed outside of this litigation to the public at large and especially to its competitors.

1. AB_E_ADAIR_0018355 to 385 (Pls' Ex. B)

Plaintiffs only argument in support of de-designating this 18-page PowerPoint brimming with technical detail about the product, manufacturing processes, and budget detail, is to focus on one sentence of the document that Plaintiffs hope to "spin" to their advantage on counsel's website. (*See* Pls' Mem. at 6-7.) This document discusses product development of the HiRes 90K (which is referred to by its R&D name, the C-III), manufacturing processes and modifications, business planning, budgets and finances, research and development testing and analysis, and other confidential matters. This information has value and Defendant does not want it disclosed to its competitors. The entire document involves proprietary business and technical information that should be maintained as confidential.

2. AB074404 to 05 (Pls.' Ex. C)

Plaintiffs' assertion that this document does not contain trade secret information is baseless. (Pls.' Mem. at 7.) As noted above, a federal magistrate judge in Memphis has already found that this document is "confidential in its entirety." (*Johnson/Purchase Order* at ¶ 11 (Ex. 5).) This ruling should be confirmed. This document falls under even Plaintiffs' limited definition of trade secret as it discusses in detail materials used in Advanced Bionics' implants and their components, technical analysis of these materials and potential modifications to them, and the design of the components. The "team" referenced in the document was a group of technical personnel—engineers and scientists at the company. Their work, and this document, are clearly confidential.[6]

3. BSC-Purchase 09016 (Pls.' Ex. D)

Plaintiffs argue that this document should be de-designated because they believe it contains damaging admissions that should be "revealed." Leaving aside the fact that Plaintiffs can use this document for purposes of this case, and that the public has no interest in obtaining access to raw discovery, the document is plainly confidential. This presentation sets out details of

---

[6] Advanced Bionics objects to Plaintiffs' continued attempt, and in particular with respect to this document, to impute some ulterior motive onto Advanced Bionics because of Advanced Bionics' desire, like any business, to keep its confidential and proprietary information from being publicly disclosed and misused by its competitors or others. (*See* Pls.' Mem. at 5-8.) Advanced Bionics' motivation is to keep its confidential information confidential, which is a right given to it by the federal rules and federal case law. Moreover, this document provides a good example of how the Plaintiffs will seek to mislead people with selective quotation of individual documents that do not tell the whole story. The document was drafted by one member of a technical team. His opinions were not shared by any other members of the team, and his technical calculations and his statements were shown to be utterly wrong. The issue with the Astro Seal feedthru in this litigation is fundamentally different than the matter raised in Plaintiffs' Exhibit C. The feedthru design and the materials used were, and continue to be, strong and reliable selections.

Advanced Bionics' quality assurance program, analyzes the program and discusses potential improvements to certain aspects of it, and makes proposals for changes that would be of value for any company seeking to compete in this space, not to mention of potential value to Defendant's existing competitors.[7] This constitutes confidential development and business information that easily falls within the scope of the Protective Order.

4. AB_E_MORLEY_0000455 (Pls.' Ex. G)

As noted above, a federal magistrate judge in Memphis has already found that this document is "confidential in its entirety." (*Johnson/Purchase Order* at ¶ 9 (Ex. 5).) This ruling should be confirmed. This document contains confidential internal discussions among Advanced Bionics' employees regarding technical issues and procedures and is thus protected under Rule 26(c)(1)(G) as "other confidential research, development, or commercial information." Internal discussions or analyses of Advanced Bionics' proprietary procedures, standards, testing, or design unquestionably have value to Advanced Bionics' competitors and would place Advanced Bionics at a competitive disadvantage if revealed to them. Additionally, even if the discussion in this document is not itself overly technical, the issues involved and the explanation required to put this discussion in context and explain it are very much technical and confidential in nature. Documents should not be viewed entirely in a vacuum, but rather must be viewed in context to

---

[7] Plaintiffs mischaracterize this document, claiming it shows that the company did not perform "simulated use testing" before selling a device, when the document says no such thing. Defendant did in fact perform testing on the HiRes 90K in simulated use conditions and submitted that testing to FDA as part of its PMA application for the HiRes 90K, an application that FDA approved in July 2003. Plaintiffs' mischaracterization of the documents is disappointing and again suggests that the purpose of this entire motion is for publicity reasons, not because it is necessary for this case.

9

understand fully their confidential nature. That is implicit in the ruling by the court in

*Johnson/Purchase*.

## CONCLUSION

For the foregoing reasons, Advanced Bionics respectfully requests that this Court deny Plaintiffs' request to de-designate its confidential documents.

Dated:  February 19, 2013							Respectfully submitted,


*s/ Craig R. May*
Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
4280 Sergeant Road
Mayfair Center, Suite 290
Sioux City, IA 51106

Telephone: 712-252-1866
Facsimile: 712-252-5822
Email: phillips@klasslaw.com

Craig R. May (CO #32267)
Stephanie A. Reedy (CO #33327)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  (303) 244.1800
Facsimile:  (303) 244.1879
Email: may@wtotrial.com
          reedy@wtotrial.com

*Attorney for Advanced Bionics, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ADVANCED BIONICS' RESPONSE IN OPPOSITION TO MOTION TO DE-DESIGNATE DOCUMENTS** was served by the Court's CM/EFC electronic filing system, on this 19th day of February, 2013, addressed to:

- **John Timothy Edwards**
  tedwards@gewwlaw.com,dasbridge@gewwlaw.com,awilson@gewwlaw.com

- **Brian P Galligan**
  bgalligan@galliganlaw.com,hbauman@galliganlaw.com,tmurphy@galliganlaw.com

- **Craig Ruvel May**
  may@wtotrial.com,ramirez@wtotrial.com,prechodko@wtotrial.com

- **Kevin M McCormack**
  kmccormack@gewwlaw.com

- **Douglas L Phillips**
  phillips@klasslaw.com,bartels@klasslaw.com

- **Stephanie Anne Reedy**
  reedy@wtotrial.com,Ramirez@wtotrial.com

- **Edwin E Wallis , III**
  ewallis@gewwlaw.com,lbrown@gewwlaw.com

*s/ Craig R. May*
Craig R. May