# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS AND MELISSA EGGERLING, both Individually and as parents and guardians for A.E., their daughter and a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5:11-cv-4104 |
| v. | ) ) | |
| ADVANCED BIONICS, LLC, | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
## MOTION TO DE-DESIGNATE DOCUMENTS

# INTRODUCTION

Advanced Bionics' response misses the mark. The law in the Eighth Circuit requires a specific showing of harm that would result from the disclosure of a document. Broad allegations of harm are insufficient. Fears about damage to a company's reputation are insufficient. Unfounded accusations of an improper motive by the opposing party's lawyers are certainly insufficient.[1] Instead, Advanced Bionics must show, for each document, that disclosure of the document would work a specific, articulable harm on Advanced Bionics' interests. They have not done so.

Further, Advanced Bionics' blanket confidentiality claims should be rejected. Only those portions of a document that are properly trade secrets should be deemed confidential. If a document contains a mix of confidential and non-confidential materials, only technical information should be redacted. Advanced Bionics' confidentiality claims are, at best, overbroad.

# ARGUMENT

**I.   Advanced Bionics Has Not Shown Specific Harm from the Release of These Documents.**

   **A. The Standard for Confidentiality**

AB's central claim for the protection of this information is its competitors will try to "lock Advanced Bionics out of tenders, citing past recalls and an incorrect and misguided perception of quality and reliability concerns." Declaration of Cedric Navarro, at ¶¶ 4, 6, 7, 10, 11. AB's fear appears to be that its competitors will obtain these documents, and then use them to smear AB's reputation with regulators outside the US.

---

1 Defendant's Response is awash in untrue accusations that Plaintiff's counsel is making this motion for some improper purpose. A point-by-point rebuttal of these accusations would distract from discussion of the impropriety of confidentiality designations. In short, Plaintiff does not intend to "smear" Defendant's reputation: the ongoing failure of devices does that better than anything Plaintiff's counsel could do. Plaintiff could attach multiple documents showing AB wants confidentiality for an improper purpose, and used the public's ignorance of these documents to extract settlements from unrepresented patients, including unapproved minor settlements. Since it is inapposite to this motion, Plaintiff will refrain.

1

As this Court has already held, AB's "confidentiality designations to 'safeguard its reputation,' or to 'prevent misuse of distortion,'" are improper and "almost certainly will not be sustained." D.E. 17 at 2. Yet, it is clear that AB seeks to do exactly that. In response to Plaintiff's motion, AB argues, yet again, that "interests of reputation and privacy are legitimate ones to take into account in determining whether documents should be protected." D.E. 34 at 6. AB offers no explanation of any other "clearly defined and very serious injury" that would occur to AB's business interests from the release of decade-old e-mails and PowerPoint documents. See Fair v. Nash Finch Co., No. 11-5005, 2012 U.S. Dist. LEXIS 95172 (D.S.D. July 10, 2012).

AB cannot explain any harm besides that to their reputation. As discussed more fully below, none of the documents that Plaintiff challenges contain trade secrets or other information that "derives independent economic value, actual or potential, from not being generally known." See Iowa Code § 550.2(4). Nor has AB explained how public access could "cause significant harm to its competitive and financial position." Contratto v. Ethicon, Inc., 227 F.R.D. 304, (N.D.Cal.2005)

Defendant argues that this Court should not consider this motion, since Plaintiff's counsel has moved to withdraw designations in other cases. This is misguided. Johnson v. Advanced Bionics LLC, No. 2:08-cv-02376 (W.D. Tenn), on which Defendant relies, was based on a more expansive definition of "trade secret," a different protective order, and different controlling case law. This court, unlike Johnson, is not bound by Sixth Circuit cases. The order in Johnson is not controlling.

**B. The Documents at Issue are Not Properly Confidential**

The Eighth Circuit recently re-affirmed the common law right of access to judicial records in civil cases. IDT Corp v. eBay, Inc., 2013 U.S. App. LEXIS 2807 (8th Cir. Ark. Feb. 11, 2013). See also Leucadia, Inc. v. Applied Technologies, Inc., 998 F.2d 157 (3rd Cir. 1993). If the common law right attaches, the document is presumed public unless "the need for secrecy outweighs the

2

presumption of access that normally attaches to such documents." Leucadia at 166. Here, as in previous cases in this circuit, the "public has a strong interest in access to these materials because the health and safety of the public is at issue." Healy v. I-Flow, LLC, No. 09-3541, 2012 U.S. Dist. Lexis 53035 (D. Minn. April 3, 2012).

### 1. AB_E_ADAIR_0018355-85

Defendant argues that this document "discusses product development of the HiRes90K" and that "this information has value." D.E. 34 at 7. Plaintiff agrees that AB_E_Adair_0018364-67 and -70-85 contain technical information concerning budgets and failure modes and should be redacted.

The remainder of the document contains conclusory warnings about AB's behavior more than a decade ago. There are no technical specifications, financial information, schematics, plans, testing procedures, or other information that could be used by a competitor in this discussion. To assist the Court, Plaintiff is providing a redacted version which removes all technical specifications. (Ex. A).

### 2. AB074404-05

In its response, Advanced Bionics states that this document "was drafted by one member of a technical team. His opinions were not shared by any other members of the team, and his technical calculations and his statements were shown to be ***utterly wrong.***" D.E. 34 at 8. If this information is "utterly wrong," then it is difficult to understand how it could have independent economic value. AB has no interest in protecting incorrect information; inaccuracies in specifications cannot be successfully appropriated and exploited by competitors or used to copy a design. AB's own statements show that this document is not properly confidential, since it cannot hurt AB if released.

To the extent that this document contains a discussion of "materials used in Advanced Bionics' implants," the proper solution is redaction of that information. To assist the Court, Plaintiff is providing a redacted version of this document which removes all technical specifications. (Ex. B).

3

### 3. BSC-Purchase-09016

Defendant argues that this document contains "details of Advanced Bionics' quality assurance program. . . and makes proposals for changes that would be of value for any company seeking to compete in this space." D.E. 34 at 9. This statement is questionable. The PowerPoint explains quality assurance at the company in broad, non-specific statements. No testing procedures are identified; no schematics are included; no research and development is identified; no contracts or prices are disclosed. There is no information in this document which "derives independent economic value, actual or potential, from not being generally known." See Iowa Code § 550.2(4).

### 4. AB_E_NAVARRO_0055118-21

Defendant argues this document is not properly considered in this motion, because Plaintiff did not send a "written objection" to the designation in this case. Plaintiff has conferred on a large number of documents, ad nauseum, in an attempt to convince Defendant to withdraw baseless confidentiality designations. Plaintiff believed this document was subject to one of those written conferrals, but has discovered that it had not sent a written objection on this document. Defendant's argument that this precludes the present motion is misplaced. Defendant has refused to remove its confidentiality designation on this document. See Letter from Craig May, Feb. 22, 2013. (Ex. C).

Defendant's designation is improper. There are no specifications, financial information, plans, procedures, or other information that could be used by a competitor in this e-mail. None of the information contained in this e-mail could be used by a competitor to improve its product or to outmaneuver Defendant in its business. This nearly decade old e-mail merely expresses concerns with Defendant's reporting practices on failed devices. The designation should be removed.

### 5. AB_E_MORLEY_0000340.

Defendant has withdrawn the confidentiality designation.

4

### 6.  AB_E_MORLEY_0000455.

Defendant concedes that "the discussion in this document is not itself overly technical." Defendant argues for confidentiality because, "the issues involved and the explanation required to put this discussion in context and explain it are very much technical and confidential in nature."

This is not the standard for confidentiality. Virtually every document produced by a medical device company has some relation to other documents. If Defendant's argument was applied, virtually every document and every statement in every document could be held confidential, relying on the technical nature of other documents which are "required to put this document in context."

There is no independent value in this e-mail. It contains no technical specifications, financial information, schematics, plans, testing procedures, or other information that could be used by a competitor. While the e-mail may hurt AB's reputation, this Court has already rejected AB's attempts to "safeguard its reputation," or to "prevent misuse of distortion" through confidentiality designations. Defendant's attempt to do so here should be rejected.

## II.     Confidentiality Should be Narrowly Tailored

The Eighth Circuit has held that confidentiality should be limited only to those portions of a document that actually contain trade secret or other sensitive information. <u>IDT Corp v. eBay, Inc.</u>, 2013 U.S. App. LEXIS 2807 (8th Cir. Ark. Feb. 11, 2013). The Eighth Circuit agreed that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document" <u>Id.</u> (citing United States v. Amodeo, 71 F.3d 1044, 1147 (2d Cir. 1995)). As the court recognized, "portions of the complaint may be amenable to public access without jeopardizing the confidentiality of sensitive information" <u>Id.</u> Plaintiff is attaching hereto redacted copies of two documents which remove all information which arguably may be sensitive.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request the Court order the remaining five documents be de-designated. These five documents are not confidential, and do not contain trade secrets.

DATED: February 28, 2013

        Respectfully submitted,

        **GLASSMAN, EDWARDS, WYATT,**
        **TUTTLE & COX, P.C.**

        /s/ Tim Edwards
        /s/ Edwin E. Wallis III
        /s/ Kevin McCormack
        TIM EDWARDS (TN 5353) (Pro Hac Vice)
        EDWIN E. WALLIS III (TN 23950)(Pro Hac Vice)
        KEVIN McCORMACK (TN 29295)(Pro Hac Vice)
        26 North Second Street Building
        Memphis, Tennessee 38103
        Tel: (901) 527-4673
        Fax: (901) 521-0940
        Email: tedwards@gewwlaw.com
        Email: ewallis@gewwlaw.com
        Email: kmccormack@gewwlaw.com
        Our File: 09-016

        Brian P. Galligan (AT0002632)
        GALLIGAN & REID, P.C.
        300 Walnut Street, Suite 5
        Des Moines, IA 50309
        Phone: 515-282-3333
        Fax: 515-282-0318
        bgalligan@galliganlaw.com

        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded by either U.S. Mail, e-mail, or electronic means via the Court's electronic filing system to:

Douglas L. Phillips, Esq.
Klass Law Firm, L.L.P.
4280 Sergeant Road
Mayfair Center, Suite 290
Sioux City, IA 51106

Craig May, Esq.
Stephanie A. Reedy, Esq.
Wheeler Trigg O'Donnell LLP
370 Seventeenth St, Suite 4500
Denver, CO 80202

this 28th day of February, 2013.

                                                /s/   Kevin McCormack
                                                KEVIN MCCORMACK